MEMORANDUM *
Robert Raymond appeals the district court’s Rule 12(b)(1) dismissal for failure to satisfy Article III standing. We have jurisdiction over this appeal, see Cooper v. Ramos, 704 F.3d 772, 776-77 (9th Cir. 2012) (holding that we have jurisdiction to review a district court’s dismissal of an action even if the district court also noted that the complaint was dismissed without prejudice), and we affirm.
*570 Raymond failed to allege sufficient injury in fact in his complaint, which challenged the residency requirement for cir-culators of initiatives, referenda, and recall campaigns. See Alaska Stat. §§ 15.45.105, 130, 335, 360, 575, 600 (2013). Despite the more relaxed standard for pre-enforcement First Amendment challenges, a plaintiff must still show “an injury or threat of injury that is credible, not ‘imaginary or speculative.’ ” Lopez v. Candaele, 630 F.3d 775, 786 (9th Cir.2010) (citation omitted); see Susan B. Anthony List v. Driehaus, 573 U.S. -, 134 S.Ct. 2334, 2344, 2347, 189 L.Ed.2d 246 (June 16, 2014) (holding that plaintiffs had standing where they “pleaded specific statements they intend to make in future election cycles,” and “there is a history of past enforcement”). Raymond, however, failed to “articulate a concrete plan to violate the law in question by giving details about [his] future speech such as when, to whom, where, or under what circumstances.” Lopez, 630 F.3d at 787 (citation and quotation marks omitted). Instead, he alleged only that “[h]e has been active on behalf of Alaska political causes before, and he intends to circulate petitions in Alaska for initiatives, referenda, and recall campaigns if the Alaska laws prohibiting him from doing so were not enforced.” Statements of this abstract nature do not confer Article III standing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.